IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02722-GPG

MICHEL PAUL THELEN,

      Plaintiff,

v.

CAROL CHAMBERS, in her official capacity as former elected District Attorney of the 18th
      Judicial District of Colorado and in her individual capacity,
JAMES N. BARTKUS, in his official capacity as appointed Deputy District Attorney 18th
      Judicial District Attorney for Lincoln County, Colorado, and in his individual
      capacity, and
TRUSTON L. FISHER, in his official capacity as appointed County Judge for Lincoln,
      County, Colorado, and in his individual capacity,

      Defendants.

_____

ORDER OF DISMISSAL

_____

      Plaintiff, Michel Paul Thelen, has filed *pro se* a Prisoner Complaint (ECF No. 1).

Mr. Thelen asserts four claims for relief pursuant to 42 U.S.C. § 1983 contending his

rights under the United States Constitution have been violated.   He seeks damages as

well as unspecified declaratory and injunctive relief.

      The Court must construe the Prisoner Complaint liberally because Mr. Thelen is

not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court

should not be an advocate for a *pro se* litigant.  *See id.*

      Mr. Thelen has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Thelen's claims are

frivolous or malicious or seek damages from defendants who are immune from such

relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i) & (iii).  A legally frivolous claim is one in which

the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts

facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319,

327-28 (1989).  The Court will dismiss the action pursuant to § 1915(e)(2)(B)(i) & (iii).

      Mr. Thelen's claims in the Prisoner Complaint arise out of proceedings in one or

more criminal prosecutions in Colorado's Eighteenth Judicial District.  According to Mr.

Thelen:

> The continued reckless, knowing, intentional, willful
> and w[a]nton abuse of process by the trusted officials, as
> Lincoln County Court judge, 18th judicial Sr. Deputy District
> Attorney in Lincoln County and Supervised by elected 18th
> Judicial District Attorney, []under the color of law and as
> individuals, have been ongoing for years.  I personally and
> with my Attorney on other cases have argued the Abuse of
> Process and unlawful § 18-1-1001, C.R.S.[,] as far back in my
> own records as 2008.  The Defendants are not entitled to
> immunity due to the continued behavior displayed by a
> County Judge Truston L. Fisher, who has presided for 28 yrs
> and a Sr. Deputy District Attorney James N. Bartkus, with +25
> yrs. Practicing still continuing in such behaviors without
> professional, legal, or intelligent reason when other
> alternative courses could be taken to reach the same
> objective.

(ECF No. 1 at 5-6.)  The named Defendants are District Judge Truston L. Fisher, former

District Attorney Carol Chambers, and Deputy District Attorney James N. Bartkus.

The Court first will address Mr. Thelen's request for unspecified declaratory and injunctive relief.   A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future."   *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).   Mr. Thelen fails to allege facts that demonstrate a good chance he will face the same or similar injuries as those alleged in the complaint.   As a result, he fails to demonstrate that entry of declaratory or injunctive relief will have any effect on Defendants' behavior towards him.   *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).   Thus, the claims for declaratory and injunctive relief are legally frivolous and must be dismissed.

Mr. Thelen's claims for damages also must be dismissed.   To the extent the claims for damages implicate the validity of a conviction or sentence, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).   Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.   *See Heck*, 512 U.S. at 486-87. In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Furthermore, even if Mr. Thelen's claims for damages do not implicate the validity

3

of a conviction or sentence and are not barred by *Heck*, the claims still must be dismissed.

First, Mr. Thelen fails to allege facts that would allow him to recover damages from

Defendants in their official capacities.   Official capacity suits "generally represent only

another way of pleading an action against an entity of which an officer is an agent."

*Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978).   Therefore, Mr.

Thelen's official capacity claims against Defendants, a state court judge and two state

prosecutors, must be construed as claims against the State of Colorado.   However, a

claim for damages against the State of Colorado is barred by the Eleventh Amendment.

*See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Duncan v.

Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("Neither states nor state officers sued in their

official capacities are 'persons' subject to suit under section 1983.").   Therefore, Mr.

Thelen's official capacity claims lack merit.

   To the extent Mr. Thelen is asserting claims for damages against Defendants in

their individual capacities, the claims are barred by absolute immunity.   Judges are

absolutely immune from liability in civil rights suits for money damages for actions taken in

their judicial capacity unless the judge was acting in the clear absence of all jurisdiction.

*See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349,

356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).   Similarly, "acts

undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial,

and which occur in the course of his [or her] role as an advocate for the State, are entitled

to the protections of absolute immunity."   *Buckley v. Fitzsimmons*, 509 U.S. 259, 273

(1993).   Mr. Thelen fails to allege facts that demonstrate any Defendant was acting

outside the scope of his or her absolute immunity.   Therefore, Defendants are entitled to absolute immunity in their individual capacities.

The action will be dismissed for the reasons stated in this order.   Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   23rd   day of   February   , 2016.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court